M/D 1

IN THE UNITED STATES DISTRICT COURT FOR RECEIVED
THE MIDDLE DISTRICT OF ALABAMA

201 JUL 16  P 12: 07

<u>Lajuan Sumpter #177948</u>          )
Full name and prison name of          )          DEBRA P. HACKETT, CLK
Plaintiff(s)          )          U.S. DISTRICT COURT
          )          MIDDLE DISTRICT ALA
v.          )
          )          CIVIL ACTION NO. 2.11-CV-576-WKA
<u>Joseph Sanders</u>          )          (To be supplied by Clerk of U.S. District
<u>Paul Costello</u>          )          Court)
<u>Tacoma Moses</u>          )
<u>Michael Smith</u>          )
          )
          )
          )
Name of person(s) who violated your          )
constitutional rights. (List the names          )
of all the person.)          )

I.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ☐ No ☒☒x

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?    YES ☐    NO ☒☒xx

C.    If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit:

Plaintiff (s) _____

_____

Defendant(s) _____

_____

2.    Court (if federal court, name the district; if state court, name the county)

_____

_____

3.   Docket number _____

4.   Name of judge to whom case was assigned _____
     _____

5.   Disposition (for example: was the case dismissed? Was it appealed? Is it still
     pending ?) _____

6.   Approximate date of filing lawsuit _____

7.   Approximate date of disposition _____

II.   PLACE OF PRESENT CONFINEMENT Bullock County Correctional

Facility _____

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED Ventress

Correctional Facility
_____

III.   NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR
       CONSTITUTIONAL RIGHTS.

            NAME                          ADDRESS

1.   Joseph Sanders     See attached "ADDRESSES OF DEFENDANTS"

2.   Paul Costello _____

3.   Tacoma Moses _____

4.   Michael Smith _____

5.   _____

6.   _____

IV.   THE DATE UPON WHICH SAID VIOLATION OCCURRED _____

June 15, 2009 _____

V.   STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
     THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: Eighth Amendment, Cruel and Unusual Punishment
_____

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

While at Ventress C.F. I assaulted another inamte. Costello

ordered me to stop, I did. Costello ordered me outside the

dormitory where he and other defendants beat me for no

just cause. I complied with all orders given to me and was

not a threat to officers or inmates.

GROUND TWO: The beating I received from the defendants was

in violation of Alabama laws, the Alabama Constitution, and

ALDOC regulations which forbid maltreatment of inmates, and

force beyond which is required to restore security and safety.
SUPPORTING FACTS, a violation of substantive Fourtteenth Amend. protect.

SUPPORTING GROUNDS: Alabama State law, its cConstitution, and

ALDOC regulations forbid any officer from maltreating an inmate

and beating an inmate other than which is needed to maintain

security and safety in the prision. The defendants beat me

only to inflict pain and suffering.

GROUND THREE:

SUPPORTING FACTS:

VI.    STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT.  CITE NO CASES OR STATUTES.

Declare the acts of the defendants to be in violation of

the United States Constitution and the laws, Constitution,

and regulation of the State of Alabama; award compensatory

and punitive damages; and any other relief this Court

deems appropriate to correct the Constitutional violations

by the defendants.

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____7/12/11_____.
          (Date)

_____
Signature of plaintiff(s)

## ADDRESSES OF DEFENDANTS

Joseph Sanders, Correctional Officer
Ventress Correctional Facility
Hwy. 239 North
P.O. Box 767
Clayton, Alabama 36016

Paul Costello, Correctional Officer
Ventress Correctional Facility
Hwy. 239 North
P.O. Box 767
Clayton, Alabama 36016

Tacoma Moses, Correctional Sergeant
Ventress Correctional Facility
Hwy. 239 North
P.O. Box 767
Clayton, Alabama 36016

Michael Smith, Correctional Lietenant
Ventress Correctional Facility
Hwy. 239 North
P.O. Box 767
Clayton, Alabama

Ventress Correctional Facility is a State facility whose central
operations is located at:

Alabama Department of Corrections
301 South Ripley Street
P.O. Box 301501
Montgomery, Alabama 36130-1501

## CERTIFICATE OF MAILING

Pursuant to 28 U.S.C. §1746, I, Lajuan Sumpter, declare and certify that I have mailed the foregoing to the Clerk of the United States District Court for the Middle District of Alabama by United States Mail, prison legal mail system, on this 12th day of July 2011.

Lajuan Sumpter

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA


LAJUAN SUMPTER,

    Plaintiff,

v.                                CIVIL NO. 2:11-CV-576-WKA-TFM

JOSEPH SANDERS,
CORRECTIONAL OFFICER:

PAUL COSTELLO,
CORRECTIONAL OFFICER:

TACOMA MOSES,
CORRECTIONAL SERGEANT: and

MICHAEL SMITH,
CORRECTIONAL LIETENANT,

    Defendants.


## CIVIL RIGHTS COMPLAINT PURSUANT TO
## 42 U.S.C. §1983

**COMES NOW** the Plaintiff, Lajuan Sumpter (Sumpter), pro se, and, pursuant to 42 U.S.C. §1983, moves this Honorable Court for a JURY TRIAL on alleged civil rights violation by the above named defendants.


### STATEMENT REGARDING JURISDICTION

Sumpter brings this action pursuant to 42 U.S.C. §1983. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343. The United States District Court for the Middle District of Alabama is the appropriate venue under 28 U.S.C. §§1391 (b)(2) and 81 (b)(1) because a substainal part of the events giving rise to the claims occured in Barbour County, Alabama, and the central and primary operations of the Alabama Department of Corrections is located in Montgomery County, Alabama.

1

## PARTIES TO THE ACTION

**Plaintiff Lajuan Sumpter** was at all times relevant to this action incarcerated at Ventress Correctional Facility located in Barbour County, Alabama, which is a facility of the Alabama Department of Corrections whose central operations is located in Montgomery County, Alabama, both of which are within the jurisdiction and venue of the United States District Court for the Middle District of Alabama.

**Defendant Joseph Sanders** was at all times relevant to this action a correctional officer at Ventress Correctional Facility located in Barbour County, Alabama, which is a facility of the Alabama Department of Corrections whose central operations is located in Montgomery County, Alabama, both of which are within the jurisdiction and venue of the United States District Court for the Middle District of Alabama.  By prison regulations, State law and Constitution, and United States Constitution, this defendant is forbidden from applying force which is unnecessary, wanton, malicious, or sadistic; beyond that which is needed to control security and safety within the prison.  This defendant was acting under the color of State law and is sued in his official and individual capacities.

**Defendant Paul Costello** was at all times relevant to this action a correctional officer at Ventress Correctional Facility located in Barbour County, Alabama, which is a facility of the Alabama Department of Corrections whose central operations is located in Montgomery County, Alabama, both of which are within the jurisdiction and venue of the United States District Court for the Middle District of Alabama.  By prison regulations, State

2

law and Constitution, and United States Constitution, this
defendant is forbidden from applying force which is unnecessary,
wanton, malicious, or sadistic; beyond that which is necessary
to control security and safety within the prison.   This
defendant was acting under the color of State law and is sued
in his official and individual capacities.

**Defendant Tacoma Moses** was at all times relevant to this action
a correctional sergeant at Ventress Correctional Facility located
in Barbour County, Alabama, which is a facility of the Alabama
Department of Corrections whose central operations is located in
Montgomery County, Alabama, both of which are within the
jurisdiction and venue of the United States District Court for
the MIddle District of Alabama.   By prison regulations, State
law and Constitution, and United States Constitution, this
defendant is forbidden from applying force which is unnecessary,
wanton, malicious, or sadistic; beyond that which is needed to
control security and safety within the prison.   This defendant
was acting under the color of State law and is sued in her
official and individual capacities.

**Defendant Michael Smith** was at all times relevant to this action
a correction lietenant at Ventress Correctional Facility located
in Barbour County, Alabama, which is a facility of the Alabama
Department of Corrections whose central operations is located
in Montgomery County, Alabama, both of which are within the
jurisdiction and venue of the United States District Court for
the Middle District of Alabama.   By prison regulations, State
law and Constitution, and United States Constitution, this
defendant is forbidden from applying force which is unnecessary,

3

wanton, malicious, or sadistic; beyong that which is needed to control security and safety within the prison. This defendant was acting under the color of State law and is sued in his official and individual capacities.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Alabama Department of Corrections does not have any administrative grievence procedures. However, the Investigations and Intelligence Division (I&I) of the Alabama Department of Corrections was notified and alleges to have conducted an investigation. The results of that investigation are unknown to Sumpter.

### STATEMENT OF THE FACTS

On July 15, 2009, Sumpter assaulted inmate Kirkland with a combination lock tethered by a string. After the initial assault, Kirkland managed to grab hold of the string and attempted to obtain control thereof. Unsuccessful, Sumpter shoved Kirkland into an adjacent bed where Kirkland struck his head. Kirkland was not the aggressor, and did not strike any blows or, otherwise, inflict any injuries upon Sumpter.

Defendant Costello witnessed the assault and ordered Sumpter to stop. Sumpter complied with Costello's order and was then ordered to report outside the dormitory. Costello assisted Kirkland outside.

Outside, defendants Sanders and Moses had arrived along with Correctional Officer Wilson and another unknown officer. Moses and the unknown officer escorted Kirkland to the institutional infirmary.

Costello removed his steel retractable baton and struck Sumpter several ti...

Sumpter in the mid-section.  Sumpter fell to the ground as
Sanders assisted Costello in furthering the assault upon
Sumpter.

Defendant Smith arrived on the scene and slapped Sumpter
in the face.  Costello and Sanders continued their assaults upon
Sumpter.  The assaults lasted several minutes until Sumpter
layed motionless on the ground.  Wilson and Smith escorted
Sumpter to the institutional infirmary.  Subsequently, Sumpter
was placed in segregation.

Once in segregation, Sumpter had another inmated call his
(Sumpter) family to inform them of the assaults by the defendants.
Sumpter's family made numerous calls to Ventress Correctional
Facility (VCF) inquiring abouts Sumpter's well being and answers
about why Sumpter was beaten.  Eventually, Sumpter's family
was allowed to speak with an official of VCF who avoided answering
and question, but demanded to know who the inmate was that called
her about the assault upon Sumpter.

After several days of officials of VCF avoiding calls and
offering excuses Sumpter's family contacted I&I.  I&I officials
immediately acted on the complain, began its investigation, and
initiated an immediate transfer to Kilby Correctional Facility
for Sumpter's protection.

During the I&I investigation Sumpter voluntarily submitted
to several polygraph tests.  The tests were directly related to
the July 15, 2009, incident.  At the conclusion of each test,
the I&I investigator informed Sumpter the results showed he
answered truthfully about the allegation of assaults by the
defendnts.  However, the investigator found the test results to

5

be inclusive based upon Sumpter's increased heart-rate when asked if he would answer truthfully about incidents unrelated to the assaults by Sanders, Costello, Moses, and Smith.

## CAUSES OF ACTION

### COUNT I

Sumpter incorporates the foregoing statement of facts as though they were stated fully herein.

Defendants Sanders, Costello, Moses and Smith violated Sumpter's right to be free from cruel and unusual punishment which is expressly protected by the Eighth Amendment to the United States Constitution.  Sumpter complied with Costello's order to cease the assault, Sumpter complied with Costello's order to go outside the dormitory, and was no security or safety hazard to himself, officers, or other inmates once outside the dormitory.  The assaults by the named defendants were wanton, malicious, and sadistic and served no purpose other than the infliction of pain and suffering.

### COUNT II

Sumpter incorporates the foregoing statement of facts as though they were stated fully herein.

Defendants Sanders, Costello, Moses and Smith violated clearly established State law, State Constitution, and regulations of the ALDOC which forbid the maltreatment of inmates, and any force beyond that which is needed to restore or maintian security and safety of inmates, officers, and within the prison faciltiy. The named defendants violation of clearly established laws, constitution, and regulations of the State of Alabama deprived Sumpter of substantive protections of the Fourteenth Amendments

Due Process Clause.

## PRAYER FOR RELIEF

Wherefore, Sumpter respectfully prays that this Honorable Court:

A.  Declare that the acts described herein violated Sumpter's rights under the Constitution and laws of the under United States.

B.  Order the named defendants to pay compensatory and punitive damages.

C.  Order the named defendant to pay fees and costs associated with this action.

D.  Grant other just and equitable relief that this Honorable Court deems necessary.

DONE THIS 12th DAY OF JULY 2011.

                              Respectfully submitted,


                              _Lajaun Sumpter_
                              Lajaun Sumpter
                              #177948
                              Bullock C.F.
                              P.O. Box 5107
                              Union Springs, Al. 36089


Pursuant to 28 U.S.C. §1746, I, Lajuan Sumpter, declare and verify under the penalty of perjury, under the laws of the United States, that the foregoing is true and correct to the best of my knowledge, on this 12th day of July 2011.

                         _Lajaun Sumpter_
                         Lajuan Sumpter

7

LAQUAN SUMPTER #177948
BCCF II-27-A
P. O. Box 5107
UNION SPRINGS, AL. 36089

CLERK, United States District Ct.
Middle District of Alabama
P. O. Box 711
Montgomery, AL. 36101-0711

"BCCF LEGAL MAIL"